IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEN DIGITAL, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>SYCOMP, A TECHNOLOGY COMPANY, INC., et al.,<br><br>    Defendants. | Case No. 24-cv-04106-CRB<br><br>**ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS** |

Plaintiff Gen Digital, formerly known as Symantec, sues Defendant Sycomp, a Technology Company. Following two rounds of motions to dismiss, one of Plaintiff's claims remains—a breach-of-contract claim arising out of Sycomp's refusal to indemnify Plaintiff for copyright infringement. Sycomp moves for judgment on the pleadings, asserting that the remaining breach-of-contract claim cannot succeed. But Sycomp overreaches, especially at this early stage of litigation. The Court finds this motion suitable for resolution without oral argument, see Local Civil Rule 7-1(b), vacates the hearing set for March 28, 2025, and **DENIES** Sycomp's motion.

I.   **BACKGROUND**

The Court has twice described the factual underpinnings of this case, most recently in its order granting Sycomp and its codefendant's motions to dismiss several of Plaintiff's claims. See 2d MTD Order (dkt. 55), available at 2025 WL 35472; 1st MTD Order (dkt. 38), available at 2024 WL 4336525. Only a few facts bear repeating here.

Sycomp and Plaintiff (then called Symantec) entered a written contract, the Product Purchase Agreement (or PPA), in 2010, under which Sycomp was to provide various

1    hardware and software support and consulting services to Gen Digital.  Am. Compl.
2    (dkt. 42) ¶ 12; PPA (dkt. 46, Ex. A).  Specifically, the PPA provided that Plaintiff could
3    purchase from Sycomp "support Services," including "[e]rror corrections, workarounds,
4    bug fixes, <u>patches</u>, modifications, enhancements, and other updates."  PPA § 4.1, Ex. D
5    (emphasis added).  Such services would be "specified in a mutually executed Order
6    Instrument."  <u>Id.</u> § 1.12.  An Order Instrument, in turn, could either be an "order form or
7    Statement of Work issued pursuant to [the PPA] and executed by both parties" or "a
8    Symantec purchase order issued in conjunction with or in lieu of such order form or
9    [Statement of Work]."  <u>Id.</u> § 1.7.  Plaintiff alleges several instances where it issued
10   purchase orders to Sycomp in exchange for work, including for installing the Solaris
11   patches at issue in this litigation.  <u>See, e.g.</u>, Am. Compl. ¶¶ 34, 39, 48, 124.

   Sycomp and its codefendant filed motions to dismiss Plaintiff's claims alleging violations of various contracts other than the PPA.  <u>See</u> 2d Sycomp MTD (dkt. 44); 2d NASI MTD (dkt. 48).  The Court granted these motions in full, <u>see</u> 2d MTD Order, leaving only one claim standing—Plaintiff's claim against Sycomp for breaching the PPA.  Sycomp now moves for judgment on the pleadings as to that claim.

## II.    LEGAL STANDARD

A motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) will be granted "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990).  "The legal standards governing Rules 12(c) and 12(b)(6) are 'functionally identical,' as both permit challenges directed at the legal sufficiency of the parties' allegations."  <u>Jackson v. Fischer</u>, No. C 11-2753 PJH, 2015 WL 1143582, at *3 (N.D. Cal. Mar. 13, 2015) (quoting <u>Dworkin v. Hustler Magazine, Inc.</u>, 867 F.2d 1188, 1192 (9th Cir. 1989)).  Thus, the Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party."  <u>Usher v. City of Los Angeles</u>, 828 F.2d 556, 561 (9th Cir. 1987).

1    Because Rule 12(b)(6) motions and Rule 12(c) motions are reviewed under the
2    same framework, a "Rule 12(c) motion for judgment on the pleadings that raises issues
3    already decided on a prior Rule 12(b)(6) motion to dismiss is subject to the 'law of the
4    case' doctrine." Marble Voip Partners LLC v. Zoom Video Commc'ns, Inc., No. 23-cv-
5    3619-JSW, 2024 WL 86859, at *2 (N.D. Cal. Jan. 8, 2024) (citing Strigliabotti v. Franklin
6    Res., Inc., 398 F. Supp. 2d 1094, 1098 (N.D. Cal. 2005)). "The law of the case doctrine
7    generally precludes reconsideration of 'an issue that has already been decided by the same
8    court … in the identical case.'" Rocky Mountain Farmers Union v. Corey, 913 F.3d 940,
9    951 (9th Cir. 2019) (citation omitted).

**III.   DISCUSSION**

Sycomp raises three arguments why Plaintiff's claim that Sycomp breached the PPA should fail. First, Sycomp argues that because Plaintiff did not allege the existence of any mutually executed Order Instruments, Plaintiff failed to adequately allege that it ever actually purchased Solaris patches from Sycomp. MJP (dkt. 59) at 6. Second, Sycomp asserts that other parties were responsible for providing the Solaris patches, so it was not. Id. at 6–8. Third, Sycomp contends that its "actions did not infringe upon or misappropriate third parties' intellectual-property rights in a manner that would require indemnity under the PPA." Id. at 1, 8–9. These arguments all fail for the same reason: they do not presume the truth of Plaintiff's factual allegations and refuse to draw reasonable inferences from those allegations.

**Order Instruments.** Sycomp's first argument fails because it disregards that Plaintiff clearly alleged that, on multiple occasions, Plaintiff issued Sycomp purchase orders specifically in relation to the Solaris patches. See, e.g., Am. Compl. ¶¶ 39, 48. The PPA defines an "Order Instrument" to include "a Symantec purchase order issued … in lieu of [an] order form or [Statement of Work]." PPA § 1.7 (emphasis added). And while section 1.7 of the PPA states that an order form or statement of work must be executed by both parties, it does not say the same for a purchase order. Id. Sycomp says this does not matter because a different contractual provision, section 1.12, defines "Services" as those

3

"provided by [Sycomp] under this Agreement as specified in a mutually executed Order Instrument." Id. § 1.12.  And, as Sycomp points out, Plaintiff does not allege that the purchase orders were mutually executed.

Though true, that does not "establish[] on the face of the pleadings that no material issue of fact remains to be resolved." Hal Roach Studios, 896 F.2d at 1550.  Quite the contrary, it suggests that there remains a material issue of fact—whether the purchase orders (which certainly seem to qualify as Order Instruments) were mutually executed.  Though Plaintiff does not allege that in so many words, it does allege that it repeatedly issued purchase orders to Sycomp, that Sycomp performed on those purchase orders, and that Sycomp issued invoices specifically in relation to those same purchase orders. See, e.g., Am. Compl. ¶¶ 39, 48; see also PPA § 3.1 (explaining the interplay between invoices and purchase orders).  That is sufficient to permit a reasonable inference that the purchase orders were mutually executed and to survive a motion for judgment on the pleadings.[1]

**Other Parties.**  Sycomp's second basis for its motion is not sound either, as it ignores clear allegations that Sycomp "offered to provide," was to "assist in obtaining," and was to "facilitate the installation of the Solaris Patches." E.g., Am. Compl. ¶ 38; see also id. ¶¶ 40.  Instead, Sycomp emphasizes the fact that other entities allegedly did, or could, provide the same services with respect to the Solaris patches.  MJP at 6 (discussing HP's ability to provide patches); id. at 7 (explaining that Sycomp introduced Plaintiff to NASI to better meet Plaintiff's needs).  That does not matter.  It is not inconsistent for Plaintiff to allege that it obtained the same or similar services from multiple entities.  It is certainly not grounds to enter judgment on the pleadings.

Sycomp tries to point to some of the alternative theories of liability that Plaintiff alleged to justify its argument that the PPA did not cover Solaris patches.  See MJP at 7.  To be sure, Plaintiff did advance two alternative theories of liability: (1) that it and Sycomp amended the PPA to add Solaris Patches and (2) that it and Sycomp entered into a

---

[1] If discovery reveals that there was no mutually executed purchase order for Solaris patches, a targeted early motion for summary judgment may be appropriate.

"Solaris Patching Agreement" with two other entities. Am. Compl. ¶¶ 82–94, 122–36. And Plaintiff did attempt to justify these alternative theories by arguing that the amended contract and the new Solaris Patching Agreement "cover[ed] new services and a whole new type of relationship" than the PPA did. 1st MTD Opp (dkt. 32) at 12–13. But the Court rejected that argument and in doing so expressly found that the PPA contemplated Solaris Patches. 1st MTD Order at 7; see also 2d MTD Order at 8. That is the law of the case, and Sycomp cannot have it both ways by endorsing Plaintiff's failed arguments now that it benefits Sycomp. Plaintiff has adequately alleged that Sycomp was responsible for providing Solaris patches under the PPA.

**IP Indemnity.** Sycomp's final contention fares no better since it asks the Court to resolve at this early stage whether the services that Sycomp provided to Plaintiff infringed on third parties' intellectual-property rights. Indeed, the exact scope of the services that Sycomp provided to Plaintiff appear to be in dispute—which matters because the PPA's indemnification provision states that Sycomp will indemnify Plaintiff if "any Product, Services, and/or Developments prepared or provided by or on behalf of [Sycomp] hereunder infringe or misappropriate the [intellectual-property rights] of any third party." PPA § 9.2(A). Determining the exact nature of Sycomp and Plaintiff's relationship vis-à-vis the Solaris patches is a proper subject for discovery and, if the facts are not in dispute afterward, a motion for summary judgment. It is not an issue that can be resolved at the pleading stage.

### IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Sycomp's motion.

**IT IS SO ORDERED.**

Dated: March 24, 2025

CHARLES R. BREYER
United States District Judge

5