MICHAEL W. STEBBINS, SBN 138326
STEPHEN S. WU, SBN 205091
GEORGE M. SCHISLER, SBN 106927
**SILICON VALLEY LAW GROUP**
1 North Market Street, Suite 200
San Jose, California 95113
Tel.: (408) 573-5700
Fax: (408) 573-5701

Email: mws@svlg.com; ssw@svlg.com; gms@svlg.com

Attorneys for Plaintiff
Gen Digital, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GEN DIGITAL, INC. (f/k/a SYMANTEC CORPORATION),<br><br>Plaintiff,<br><br>v.<br><br>SYCOMP, A TECHNOLOGY COMPANY, INC.,<br><br>Defendant. | Case No.: 3:24-cv-04106-CRB<br><br>**STIPULATION TO LIFT STAY AND SET PROPOSED CASE MANAGEMENT SCHEDULE; [~~PROPOSED~~] ORDER** |

**STIPULATION**

This stipulation is entered into by and between Plaintiff Gen Digital Inc. (f/k/a Symantec Corporation) ("Gen") and Defendant Sycomp, A Technology Company, Inc. ("Sycomp") (collectively, the "Parties"), by and through their respective attorneys of record, pursuant to Northern District Local Rule 7-11 and/or Norther District Local Rule 6-2.

WHEREAS, on July 8, 2024, Gen filed a Complaint (the "Complaint") in this action (Dkt. 1) against Sycomp and North American Systems International, Inc. ("NASI") (collectively, "Defendants") for breach of contract;

WHEREAS, on October 31, 2024, following Defendants' successful motions to dismiss, Gen filed a First Amended Complaint ("FAC") against Sycomp and NASI (Dkt. 42);

WHEREAS, on November 14, 2024, Sycomp filed a motion to dismiss the Second and Fifth Claims for Relief of the FAC (Dkt. 44);

WHEREAS, on November 14, 2024, Sycomp filed a partial motion to dismiss all but the First Claim for Relief in the FAC (Dkt. 44);

WHEREAS, on November 14, 2024, NASI filed a motion to dismiss all claims against it in the FAC (Dkt. 48);

WHEREAS, on January 6, 2025, the Court granted Defendants' motions to dismiss, dismissing all of the claims against NASI without leave to amend and all but the First Claim for Relief against Sycomp ("Dismissal Order") (Dkt. 55);

WHEREAS, on February 27, 2025, Sycomp filed a motion for judgment on the pleadings as to the remaining First Claim for Relief (Dkt. 59);

WHEREAS, on March 11, 2025, NASI filed a notice of motion and motion for entry of final judgment pursuant to Rule 54(b) (Dkt. 66);

WHEREAS, on March 24, 2025, the Court denied Sycomp's motion for judgment on the pleadings (Dkt. 70) ("Order Denying Motion for Judgment on the Pleadings");

//

//

WHEREAS, on March 25, 2025, Gen filed a notice of non-opposition to NASI's motion for entry of final judgment (Dkt. 71), and on March 26, 2025, the Court granted NASI's motion (Dkt. 72) and entered judgment in favor of NASI ("NASI Judgment") (Dkt. 73);

WHEREAS, on April 25, 2025, Gen filed a notice of appeal of the Dismissal Order and the NASI Judgment (Dkt. 78);

WHEREAS, on April 30, 2025, the U.S. Court of Appeals for the Ninth Circuit filed a Docketing Notice and Time Schedule Order (Dkt. No. 79);

WHEREAS, on July 10, 2025, Gen filed Appellant's Opening Brief and thus an appeal of this Court's Orders granting NASI's motion to dismiss and dismissing NASI from this action was pending at that time;

WHEREAS, on August 1, 2025, the parties stipulated to a stay of all proceedings in this matter until further order of the Court pending resolution of Plaintiff's appeal of the Court's judgment in favor of NASI, citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936), and, pursuant to the Parties' stipulation, this Court entered an order staying all proceedings in this action (Dkt. 84) ("Stay Order");

WHEREAS, on December 30, 2025, the United States Court of Appeals for the Ninth Circuit issued a memorandum affirming this Court's Rule 54(b) Judgment in favor of NASI ("Decision") and, on January 21, 2026, issued an Order Denying Petition for Panel Rehearing ("Rehearing Order");

WHEREAS, under a court's inherent powers described in *Landis*, a court may lift a stay that it had entered based on economy of time and effort for itself, counsel, and the litigants when the circumstances motivating the stay no longer exist;

WHEREAS, on January 29, 2026, Gen filed a Notice of Decision and Rehearing Order pursuant to the Stay Order (Dkt. 85), and the United States Court of Appeals for the Ninth Circuit issued a Mandate on the Appeal (Dkt. 86, Exs. A-C), thereby deciding the appeal and removing the circumstances motivating the stay;

WHEREAS, Sycomp's motion for judgment on the pleadings argued that "the Solaris

Patches" at issue in this case "were not provided under or covered by the" Parties' Product Purchase Agreement ("PPA") because "Plaintiff does not allege the existence of any mutually executed Order Instrument related to the Solaris Patches" (Dkt. 59 at 1);

WHEREAS, in its Order Denying Motion for Judgment on the Pleadings, the Court noted: "If discovery reveals that there was no mutually executed purchase order for Solaris patches, a targeted early motion for summary judgment may be appropriate." (Dkt. 70 at 3-4 & n 1);

WHEREAS, in its case management discretion, the Court may order phased proceedings, such as a targeted early motion for summary judgment to simplify issues and facilitate the just, speedy, and inexpensive disposition of the action; *see* Fed. R. Civ. P. 16(c)(2)(A), (c)(2)(P);

WHEREAS, although due process requires that Gen receive the opportunity to adduce facts to justify an opposition to a targeted motion for summary judgment, there has been little discovery to this point in the action, and thus the Parties are agreeable to a proposed schedule that gives the parties the time to conduct limited additional discovery into the "Order Instrument" issues prior to such a targeted early summary judgment motion under Rule 56(d)(2);

WHEREAS, pursuant to Section 1.C of General Standing Order for Civil and Criminal Cases Before Judge Charles R. Breyer, the parties agree that there is good cause to exceed the limitation of one summary judgment motion per party to allow a targeted summary judgment motion on the Order Instrument factual and legal issues, including the existence or non-existence of mutually executed purchase orders and the appropriate construction of the relevant provision of the PPA concerning "Order Instruments" relating to Solaris patches and the necessity or lack of necessity for mutual execution of purchase orders;

IT IS HEREBY STIPULATED by and between the Parties, through their respective Counsel, that the stay of this action as set forth in the Stay Order should be lifted;

IT IS HEREBY FURTHER STIPULATED THAT targeted early summary judgment proceedings on the Order Instruments factual and legal issues are appropriate to determine if the

Solaris Patches were provided under or covered by the Parties' Product Purchase Agreement and the Parties consent to such proceedings;

IT IS HEREBY FURTHER STIPULATED THAT the Parties are agreeable to undertaking additional discovery limited to the Order Instrument issues under Rule 56(d)(2), including discovery related to interpretation of the PPA, but that all other discovery shall remain stayed until further ordered by the Court;

ACCORDINGLY, IT IS HEREBY FURTHER STIPULATED THAT the Parties propose the following case management, discovery and pre-trial schedule—through the hearing of the proposed targeted early motion for summary judgment, which includes deadlines for limited additional discovery into the Order Instrument issues and a briefing schedule for the motion for summary judgment on these issues:

| **Event** | **Proposed Deadline** |
|---|---|
| Exchange of Initial Disclosures | Done |
| Deadline for Sycomp to Respond to Gen's First Set of Discovery Requests | Done |
| Deadline for Gen to Respond to Sycomp's First Set of Discovery Requests | August 21, 2026 |
| Deadline for Sycomp to Respond to Gen's Second Set of Discovery Requests | September 4, 2026 |
| Deadline for Sycomp to File Early Summary Judgment Motion (Order Instrument) | September 25, 2026 |
| Deadline for Gen to Serve Fed. R. Civ. Proc. 56(d)(2) Discovery (Order Instrument) | October 16, 2026 |
| Deadline for Sycomp to Serve Responses to Fed. R. Civ. Proc. 56(d)(2) Discovery (Order Instrument) | November 13, 2026 |
| Deadline for Gen to File Opposition to Early Summary Judgment Motion (Order Instrument) | December 15, 2026 |

| | |
|---|---|
| Deadline for Sycomp to File Reply on Early Summary Judgment Motion) (Order Instrument) | January 8, 2027 |
| Hearing on Early Summary Judgment Motion) (Order Instrument) | February 5, 2027 |
| Following a decision on the motion, the Parties anticipate either the issuance of a Scheduling Order from the Court and/or a further Case Management Conference to set the remaining Case Management Schedule. | TBD. |

Dated: August 7, 2026

Respectfully submitted,

SILICON VALLEY LAW GROUP

By: *<u>/s/ Michael W. Stebbins</u>*
Michael W. Stebbins
Stephen S. Wu
George M. Schisler
Attorneys for Plaintiff
GEN DIGITAL INC.

COBLENTZ PATCH DUFFY & BASS LLP

By: *<u>/s/ J. Craig Crawford</u>*
J. Craig Crawford
John McCauley
Attorneys for Defendant
SYCOMP A TECHNOLOGY COMPANY, INC.

**FILER'S ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I attest that the other Signatory has concurred in the filing of this document.

Dated: August 7, 2026

Respectfully submitted,

SILICON VALLEY LAW GROUP

By: */s/ Michael W. Stebbins*
Michael W. Stebbins
Stephen S. Wu
George M. Schisler
Counsel for Plaintiff
GEN DIGITAL, INC.

# ~~[PROPOSED]~~ ORDER

GOOD CAUSE APPEARING THEREFOR, and in accordance with the above Stipulation IT IS HEREBY ORDERED THAT:

1. The stay in this matter issued August 8, 2025 is lifted;

2. The proposed discovery, motion and pre-trial schedule set forth above is hereby approved; and

3. To resolve factual and legal issues regarding "Order Instruments" within the meaning of the Parties' Product Purchase Agreement:

   a. The Parties shall undertake discovery on such "Order Instrument" issues pursuant to the approved discovery, motion and pre-trial schedule; and

   b. Defendant shall file a targeted motion for summary judgment on the "Order Instrument" issues and Plaintiff shall oppose it pursuant to the briefing schedule within the approved discovery, motion and pre-trial schedule.

THE COURT FURTHER ORDERS as follows:

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: August 10, 2026

Honorable Judge Charles R. Breyer
United States District Court Judge